WALLACE, JUDGE:
Claimants, Roger and Patricia Liming, brought this action to recover medical expenses, loss of work, damages to a vehicle and loss of consortium, all of which resulted when claimant Patricia Liming was injured in a vehicular accident on November 24, 1979. On that date claimant Patricia Liming was proceeding in a westerly direction on U.S. Route 119, also known as W.Va. Route 10 or Logan Boulevard. She was driving a 1980 Mercury Capri. As she passed a truck, she attempted to return to the "slow" lane when her vehicle struck a manhole cover which was standing upright in a perpendicular manner to the manhole itself. The vehicle struck the manhole cover and flipped over onto its top whereupon Patricia Liming was injured and the vehicle was totalled. Claimants allege damages in the amount of $54,000.00
Counsel stipulated that there was negligence in the maintenance of the manhole. The only question for the Court is the determination of responsibility for the maintenance of the manhole and the manhole cover. Claimant contends that W.Va. Route 10 is a State maintained four-lane highway and, therefore, the respondent is responsible for the condition of the highways. Respondent contends that the manhole and its cover are the property of the City of Logan; therefore, any negligence with respect to the manhole is the responsibility of the City of Logan. The respondent maintains that it is not liable to claimants for injuries received resulting from the negligent maintenance of the manhole or its cover.
The Court, having considered the record and attendant exhibits, is of the opinion that the respondent is liable for primary negligence in this claim. The highway in question is a four-land, concrete highway. The manhole is located in the middle of the two westbound lanes. The evidence revealed that the manhole cover was defective and that the hazardous condition was known to the respondent. The respondent failed to take measures to warn the travelling public of this hazardous defect on a State maintained highway. The respondent also failed to take corrective action; or, in the alternative, to require the City of Logan to take corrective action to alleviate the defect on the State maintained highway.
*44 The Court is also of the opinion that claimant Patricia Liming was negligent in her operation of the vehicle as she failed to observe the manhole cover in a timely manner to avoid striking it. Therefore, the Court will apply the doctrine of comparative negligence and assess 10% of the negligence to her.
As a result of the accident, claimant Patricia Liming suffered a compression fracture of the first lumbar vertebra and a lumbrosacral strain. A body cast was applied for a period of four weeks after which claimant wore a back brace for six weeks. At the time of this incident she was employed as a nurse in the ICU division of Logan General Hospital. She was able to continue working with limitations placed upon her for lifting no more than ten pounds. At this time she still experiences pain with her lower back. Her loss of work was in the amount of $540.00. Her medical bills were in the amount of $1,270.08. The loss of her vehicle was covered by her insurance carrier. The Court is disposed to and does make an award of $2,810.08 to claimant Patricia Liming, which will be reduced by 10% to $2,529.07.
Claimant Roger Liming alleges loss of consortium for which the Court makes an award to him in the amount of $500.00.
Award of $2,529.07 to Patricia Liming.
Award of $500.00 to Roger Liming.